UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID COLE,**<br>**46 Vienna Street**<br>**San Francisco, CA   94112**<br><br>**Plaintiff,**<br><br>v.<br><br>**WILLIE E. MAY, DIRECTOR, AND**<br>**THE NATIONAL INSITUTES FOR STANDARDS**<br>**          AND TECHNOLOGY**<br>**100 Bureau Drive, Stop 1000**<br>**Gaithersburg, MD 20899-1000**<br><br>**AND**<br><br>**WILLIAM CRAIG FUGATE, DIRECTOR, AND**<br>**THE FEDERAL EMERGENCY MANAGEMENT**<br>**          AGENCY,**<br>**500 C Street S.W.**<br>**Washington, DC 20472**<br><br>**Defendants.** | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to order the production of federal agency records of data and background information related to federal agency studies of the destruction, on September 11, 2001, of the two World Trade Center (WTC) Towers and WTC Building 7, and damage to other buildings.   Defendants have improperly withheld these requested records from Plaintiff Cole.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff, David Cole, a researcher and concerned citizen, is the requester of the records which Defendants are now withholding.

5. Plaintiff has requested this information for use in public education efforts on a matter of national importance.   Prompt release of the requested records is important because of the urgency of the matters involved and the immediate public interest in this information.

6. Defendant Federal Emergency Management Agency (FEMA) is an agency of the United States that created and/or caused the creation of, and has possession and control of a substantial portion of the documents that Plaintiff Cole requested under FOIA.

7. Defendant National Institute of Standards and Technology (NIST) is an agency of the United States and has possession and control of a substantial portion of the documents that Plaintiff Cole requested, including numerous documents Plaintiff Cole requested from FEMA that FEMA had transferred to NIST.

**COUNT I: VIOLATION OF THE FOIA BY FEMA**

8. All of the foregoing paragraphs are incorporated herein by reference.

9. On May 20 and/or May 21, 2011, Plaintiff Cole filed an FOIA request with FEMA which requested records of all background and raw data related to the FEMA 403 Building Performance Study (BPS) regarding the WTC buildings destroyed or damaged on September 11, 2001, including photographs, video, audio, field notes, memoranda, lab samples, and lab results.

10. FEMA determined on December 23, 2011 that it had no responsive records in its possession, and had permanently transferred its responsive records to NIST.

11. On or about January 19, 2012, NIST returned copies of the FEMA records it was holding that are responsive to Plaintiff's FOIA request to FEMA as part of the interagency

consultation on Plaintiff's FOIA.

12. FEMA received the returned FEMA records from NIST on or about January 24, 2012.

13. On June 29, 2012, FEMA determined, as part of its consultation with NIST, that over 3,700 pages of the responsive records located and identified by NIST are releasable under FOIA.

14. FEMA reported on August 30, 2012 that it had 490,000 pages of WTC records stored at the National Archives and Records Administration (NARA).

15. FEMA did not search those NARA records for records responsive to Plaintiff's FOIA request or make any of the NARA records available to Plaintiff.

16. FEMA has to date failed to produce to Plaintiff or allow Plaintiff access to the requested records.

17. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), because of Defendant FEMA's failure to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6), Plaintiff is deemed to have exhausted his administrative remedies.

18. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendant FEMA's denial of such access.

**COUNT II: VIOLATION OF THE FOIA BY NIST**

19. All of the foregoing paragraphs are incorporated herein by reference.

20. On May 20 and/or May 21, 2011, Plaintiff Cole filed an FOIA request with FEMA which requested records of all background and raw data related to the FEMA 403 Building Performance Study (BPS) regarding the WTC buildings destroyed or damaged on September 11, 2001, including photographs, video, audio, field notes, memoranda, lab samples, and lab results.

Plaintiff Cole's FOIA request was transferred by FEMA to NIST on or about December 23, 2011 and accepted by NIST on or about January 19, 2012 for processing under FOIA.

21. NIST acknowledged on January 19, 2012 that it possesses more than 3,900 pages of records responsive to Mr. Cole's FOIA request.

22. On June 29, 2012, FEMA determined, as part of its consultation with NIST, that over 3,700 pages of the responsive records located and identified by NIST are releasable under FOIA.

23. Defendant NIST has yet to produce copies of the requested records to Plaintiff or otherwise provide Plaintiff access to the requested records.

24. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), because of Defendant NIST's failure to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6), Plaintiff is deemed to have exhausted his administrative remedies.

25. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendant NIST's denial of such access.

WHEREFORE, Plaintiff requests this Court to:

(1) Order Defendant NIST and Defendant FEMA each to provide Plaintiff access to all records responsive to Plaintiff's FOIA request;

(2) Order the prompt production of a *Vaughn* index for any records the Defendants believe should be withheld;

(3) Award to Plaintiff Cole, against both Defendants, Plaintiff's costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David K. Colapinto
David K. Colapinto, Esq.
D.C. Bar No. 416390
KOHN, KOHN AND COLAPINTO, LLP
3233 P Street, N.W.
Washington, D.C. 20007-2756
Phone: 202-342-6980, Ext. 110
Fax: 202-342-6984
E-mail: dc@kkc.com


/s/ Mick G. Harrison
Mick G. Harrison, Esq. (Pro Hac Vice, pending)
520 S. Walnut Street, #1147
Bloomington, IN 47402
Phone: 812-361-6220
Fax: 812-650-4374
E-mail: mickharrisonesq@gmail.com


Dated: November 2, 2015