```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
DAVID COLE,                   )
                              )
    Plaintiff,                )
                              )
 v.                           )    Civil Action No.
                              )    15-1991 (EGS)
KENT B. ROCHFORD,[1] et al.,  )
                              )
    Defendants.               )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff David Cole seeks records from the Federal Emergency Management Agency ("FEMA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Although Mr. Cole submitted his request in May 2011, FEMA failed to produce any documents until April 2016, approximately five months after Mr. Cole filed this lawsuit. Since that time, FEMA has produced responsive records and a *Vaughn* index, and the parties have made efforts to narrow the areas of dispute remaining between them. Unable to make further progress, but before either party had filed a motion for summary judgment, Mr. Cole filed the instant motion for leave to take limited discovery. *See* Pl.'s Mot. for

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as defendant the Acting Director of the National Institute for Standards and Technology, Kent B. Rochford, for former Director of the National Institute for Standards and Technology, Willie E. May.

1

Discovery ("Pl.'s Mot."), ECF No. 15. As explained more fully below, Mr. Cole's motion for discovery is denied.

I. BACKGROUND

A. Plaintiff's FOIA Request

On May 20, 2011, plaintiff David Cole submitted a FOIA request to FEMA for certain documents related to the collapse of World Trade Center buildings on September 11, 2001. *See* Compl. ¶ 9, ECF No. 1. Specifically, Mr. Cole requested "all background or raw data used for the FEMA 403 Building Performance Study" regarding the World Trade Center buildings, "including photographs, video, audio, field notes, memoranda, lab samples, and lab results." *Id.*

B. The Government's Efforts to Respond to Plaintiff's FOIA Request

FEMA acknowledged receipt of Mr. Cole's request six days after receiving it, and the agency advised Mr. Cole that it had "queried the appropriate component of FEMA for responsive records." *See* Pl.'s Mot. Ex. 9, ECF No. 15-14. On December 23, 2011, FEMA sent Mr. Cole a letter explaining that, while it had been unable to locate any responsive records, it understood that the information sought by Mr. Cole was "under the purview of the National Institute of Standards and Technology ("NIST")." Pl.'s Mot. Ex. 6, ECF No. 15-11. FEMA therefore transferred Mr. Cole's FOIA request to NIST for processing. *Id.* On June 29, 2012, NIST confirmed that it had searched for records responsive to Mr.

2

Cole's request and had determined that 3,789 pages of records were releasable in whole or in part. Pl.'s Mot. Ex. 7, ECF No. 15-12.

On August 30, 2012, FEMA notified Mr. Cole that it had approximately 490,000 pages of boxed records pertaining to the World Trade Center in storage at the National Archives and Records Administration ("NARA"). Pl.'s Mot. Ex. 8, ECF No. 15-13. Although the inventory of those records did "not readily indicate any additional responsive material," FEMA explained that Mr. Cole could "submit a new FOIA request if [he] was interested in searches being conducted on these records." *Id.*

Having not received any documents from either FEMA or NIST, Mr. Cole filed this lawsuit on November 12, 2015. *See* Compl. ¶ 23, ECF No. 1; Pl.'s Mot. Ex. 5 ¶ 8, ECF 15-10. FEMA finally produced documents in April 2016, almost five years after Mr. Cole submitted his FOIA request. *See* Second Joint Status Report at 1 (June 7, 2016), ECF No. 9. Mr. Cole reviewed the records he received and, on June 7, 2017, sent an email to defendants' counsel identifying "a preliminary list of responsive records, and in some cases individually identifiable responsive records, not provided" to him in FEMA's production. Pl.'s Mot. Ex. 1 at 1, ECF No. 15-3. For example, Mr. Cole noted that a document produced by FEMA "show[ed] that a set of WTC7 drawings was sent . . . to FEMA contractor Gilsanz Murray Steficek" but that those

3

drawings were not produced by FEMA. *Id.* Mr. Cole also pointed to an inventory of records transferred from FEMA to NIST which listed CDs and drawings that he believed were responsive to his FOIA request but had not been produced. *Id.* at 1-2.

The government responded to Mr. Cole's email on August 23, 2016. *See* Pl.'s Mot. Ex. 2, ECF No. 15-7. With respect to the CDs and video Mr. Cole had specifically inquired about in his June email, FEMA explained that it had been "unable to locate any additional ***drawings***" in its search for responsive records. *Id.* at 1 (emphasis added). With respect to drawings and other documents requested by Mr. Cole, FEMA explained that it had "been unable to locate" those records "in a search of the materials in the Disclosure Branch, where the documents returned by NIST have been retained because of Mr. Cole's FOIA requests." *Id.* at 1-2. FEMA further stated that the requested materials "may be available in [FEMA Region 2's] Regional off site archives" and that the agency would be "willing to send two of its personnel to the warehouse to perform a reasonable search" for the records. *Id.*

Mr. Cole agreed that FEMA should conduct a search of its Region 2 archives and proposed that, if the records were not found, FEMA should "explain how it could be that these records . . . cannot be found, and state what happened to them." Pl.'s Mot. Ex. 3, ECF No. 15-8. Approximately six weeks later, FEMA

4

responded that, "[a]fter consulting with the [subject-matter expert], it was determined that there is no FEMA Region 2 archive and the responsive records were not sent to the NARA archives." *See* Pl.'s Mot. Ex. 4 at 2-4, ECF No. 15-9. FEMA explained that this was its "final response" and that no additional records would be produced. *Id.* at 1.

### C. Plaintiff's Request for Discovery

On March 27, 2017, Mr. Cole filed the instant motion for leave to conduct limited discovery. *See* Pl.'s Mot., ECF No. 15. Mr. Cole argues that discovery "is appropriate in a FOIA action when it is apparent that the Defendant agency had not provided complete disclosure of the records responsive to the plaintiff's FOIA request." Pl.'s Mem. in Supp. of Pl.'s Mot. at 2, ECF No. 15-1. According to Mr. Cole, the Court should allow discovery "regarding the nature and scope of Defendants' records searches (or lack thereof)" here because Mr. Cole has "presented evidence that raises serious doubt about . . . whether Defendants have made a complete disclosure and conducted an adequate search." *Id.* at 8.

Mr. Cole further argues that FEMA's responses to his FOIA request "raise serious questions regarding whether Defendants' search for and production of documents . . . has been in good faith." *Id.* at 10. For example, Mr. Cole points to FEMA's "completely off point" statement that it was unable to locate

5

"additional drawings" in response to Mr. Cole's inquiry about CDs and a video. *Id.* In addition, Mr. Cole asserts that FEMA's responses raise questions as to whether it "engaged in blatantly inadequate search efforts" and whether it had "complied with FOIA's mandate that the agency conduct a reasonable search for the records in electronic form or format." *Id.* at 14-15.

Based on these allegations, Mr. Cole seeks leave to conduct limited discovery pursuant to a joint discovery plan that he intends to submit after consultation with government counsel. *Id.* at 20. As part of this limited discovery, Mr. Cole requests that the Court grant him leave to take "at least some depositions" because "[d]epositions have the greatest potential for determining the adequacy of Defendants' search efforts and why key records have not been produced." *Id.*

## II. LEGAL STANDARD

It is well established that discovery is rare in FOIA cases. *See, e.g.*, *Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76, 80 (D.D.C. 2010) ("'[d]iscovery is not favored in lawsuits under the FOIA'") (citation omitted); *Thomas v. Food & Drug Admin.*, 587 F. Supp. 2d 114, 115, n.1 (D.D.C. 2008) ("discovery is an extraordinary procedure in a FOIA action"). Indeed, in the FOIA context, courts have permitted discovery only in exceptional circumstances where a plaintiff raises a sufficient question as to the agency's good faith in searching

for or processing documents. *See, e.g., Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, No. 05-CV-2078, 2006 WL 1518964, at *3-6 (D.D.C. June 1, 2006) (permitting discovery in a FOIA action where the government engaged in extreme delay); *Landmark Legal Found. v. E.P.A.*, 959 F. Supp. 2d 175, 184 (D.D.C. 2013) (ordering discovery in a FOIA action on the question of whether senior administrators used personal emails for official business and whether the EPA excluded key officials from their initial search); *see also Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) (district court properly denied plaintiff's discovery request where plaintiff "offered no evidence of bad faith to justify additional discovery"). Discovery may also be appropriate if agency affidavits "do not provide information specific enough to enable [the plaintiff] to challenge the procedures utilized." *Weisberg v. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980).

A district court has "broad discretion" in denying discovery in FOIA cases. *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011). In determining whether limited discovery may be appropriate, a court typically evaluates an agency's affidavits regarding its search; where such affidavits are "reasonably detailed" and "submitted in good faith," discovery is ordinarily denied. *See SafeCard Servs., Inc. v. S.E.C.*, 926

F.2d 1197, 1200 (D.C. Cir. 1991); *Pinson v. U.S. Dep't of Justice*, 55 F. Supp. 3d 80, 82 (D.D.C. 2014). Because an agency usually submits these affidavits in support of its summary judgment motion, courts generally do not allow discovery in FOIA actions until after the government has moved for summary judgment. *See, e.g.*, *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("in the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment"); *Murphy v. F.B.I.*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) ("Whether the instant case warrants discovery is a question of fact that can only be determined after the defendants file their dispositive motion and accompanying affidavits.").

## III. ANALYSIS

Based on the facts above, Mr. Cole has raised significant questions as to whether FEMA has processed documents in good faith in response to Mr. Cole's FOIA request. Indeed, the Court is troubled by multiple aspects of the government's actions at issue here. Mr. Cole submitted his FOIA request in May 2011 but did not receive **any** documents until after he filed this lawsuit almost five years later in April 2016. This is all the more concerning given that NIST had determined that it possessed 3,789 pages of responsive records by the end of June 2012.

The Court is also troubled by the government's

inconsistent, even contradictory, responses to Mr. Cole's inquiries regarding his FOIA request. For example, FEMA initially represented that it had located 490,000 pages of potentially responsive records in storage at NARA. *See* Pl.'s Mot. Ex. 8, ECF No. 15-13. Later, FEMA also represented that potentially responsive records may be located in regional offsite archives. Pl.'s Mot. Ex. 2, ECF No. 15-7. But in its final response, FEMA stated that no such archives existed and that it had been unable to find any additional responsive documents. Pl.'s Mot. Ex. 4, 15-9. In this correspondence, FEMA nowhere provided a clear explanation as to its changing position regarding the availability of additional records.

Despite these concerns, the Court concludes that discovery is premature at this juncture. Discovery in FOIA cases is the exception, and it is generally limited to cases in which factual disputes persist – for example, where "the adequacy of the [agency's] search remains in doubt." *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980). Although that may indeed be the case here, because the government has not yet moved for summary judgment – and therefore has not submitted any declarations setting forth details related to its search for documents responsive to Mr. Cole's request – the Court does not have sufficient information to determine whether a genuine factual dispute exists or whether Mr. Cole requires additional

facts essential to oppose the government's motion. Therefore, the Court cannot determine at this time whether discovery is warranted and, if it is, how it should be limited in scope. *See, e.g.*, Murphy v. F.B.I., 490 F. Supp. 1134, 1137 (D.D.C. 1980) ("In the instant case, the government has yet to file its affidavits. The plaintiff therefore cannot possess the prescience to predict whether a factual issue will emerge.").

Once the government moves for summary judgment, Mr. Cole may renew his motion for discovery if he is able to show "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to the government's motion. *See* Fed. R. Civ. P. 56(d); *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("The plaintiff claims that without this information, he will be unable to effectively oppose a potential motion for summary judgment made by the defendants. The appropriate mechanism for the plaintiff to seek such relief, however, is through a Rule [56(d)] motion filed after the government submits its renewed motion for summary judgment."). Moreover, if Mr. Cole believes that FEMA's declarations are insufficient to show that its search was adequate, he may oppose the government's motion for summary judgment on that ground. If the Court agrees with Mr. Cole, it may reconsider Mr. Cole's request for discovery at the summary-judgment stage. *See Leopold v. Nat'l Sec. Agency*, No. 14-CV-

0919, 2015 WL 12964654, at *1 (D.D.C. Feb. 20, 2015) (explaining that an argument that an agency's affidavits are deficient is often "best presented in the context of an opposition to Defendant's motion for summary judgment or as a cross-motion for summary judgment, rather than as a basis for seeking discovery"); *North v. U.S. Dep't of Justice*, 729 F. Supp. 2d 74, 77-78 (D.D.C. 2010) (explaining that "if Plaintiff believes that the declarations submitted by [the agency] are inadequate to establish that the agency's searches were adequate," plaintiff should "explain his argument in his opposition" to the agency's summary-judgment motion).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that [15] Mr. Cole's motion for discovery is **DENIED**. It is **FURTHER ORDERED** that the parties shall submit a joint status report with a recommendation for further proceedings, including, if appropriate, a proposed schedule for briefing on summary judgment, by no later than **January 22, 2018**.


**SO ORDERED.**

**Emmet G. Sullivan**
**United States District Court**
**January 3, 2018**