**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID COLE,

               Plaintiff,

v.

WALTER G. COPAN,[1] et al.

               Defendants.

Civ. Action No. 15-1991 (EGS/GMH)

<u>**MEMORANDUM OPINION**</u>

Plaintiff David Cole ("Mr. Cole" or "Plaintiff") has sued Defendants, the National Institute of Standards and Technology ("NIST") and the Federal Emergency Management Agency ("FEMA"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Complaint, ECF No. 1. Mr. Cole's lawsuit arises from a May 20, 2011, FOIA request for certain records related to the collapse of the World Trade Center ("WTC") buildings on September 11, 2001, and alleges that defendants have made an inadequate search for, and disclosure of, responsive records. On January 7, 2019, Judge Sullivan referred the case to a Magistrate Judge for full case management and on January 9,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Acting Director of the National Institute of Standards and Technology, Walter G. Copan, is substituted as Defendant for former Director of the National Institute of Standards and Technology, Willie E. May. *See* Fed. R. Civ. P. 25(d).

2019, the case was randomly referred to Magistrate G. Michael
Harvey. *See* ECF No. 36.

Pending before the Court are Defendants' Motion for Summary
Judgment, *see* Mot. for Summ. J. ("Defs.' Mot."), ECF No. 23; and
Mr. Cole's Combined Motion For Limited Discovery and For Summary
Judgment, *see* Pl.'s Combined Motion Pursuant to Rule 56 for
Leave to Conduct Limited Discovery Before a Response to
Defendants' Summary Judgement Motion is Required, and For
Summary Judgment ("Pl.'s Mots."), ECF No. 30.

Magistrate Judge Harvey issued a Report and Recommendation
("R. & R.") recommending that this Court deny both the Motions
for Summary Judgment, and grant Mr. Cole's Motion for Limited
Discovery. *See* R. & R., ECF No. 37. The defendants raise several
objections to Magistrate Judge Harvey's R. & R. *See generally*
Defendants' Objections to Magistrate Judge's Proposed Findings
and Recommendations ("Defs.' Objections"), ECF No. 43. In
addition, Mr. Cole also raises an objection to the R & R. *See*
Pl. David Cole's Objection to Magistrate Judge's R. & R. ("Pl.'s
Objection"), ECF No. 44.

Upon careful consideration of the R. & R., the objections
of both parties and opposition thereto, the applicable law, and
the entire record herein, the Court hereby **ADOPTS IN PART AND
REJECTS IN PART** the R. & R., *see* ECF No. 37; **DENIES** Defendants'
Motion for Summary Judgment, *see* ECF No. 23; **GRANTS** Plaintiff's

2

Combined Motion for Limited Discovery, *see* ECF No. 30; and

**DENIES** Plaintiff's Motion for Summary Judgment, *see id*.

## I.   Background[2]

### A.   Factual Background

On May 20, 2011, Mr. Cole submitted a FOIA request to FEMA for certain documents related to the collapse of the WTC buildings on September 11, 2001. *See* Statement of Material Facts Not in Dispute ("SMF"), ECF No. 23-1 at 6. Specifically, he requested "all background or raw data" used for the FEMA 403 Building Performance Study ("BPS")[3] regarding the WTC buildings, "including photographs, video, audio, field notes, memoranda, lab samples, and lab results." *Id.* On May 26, 2011, FEMA sent Mr. Cole a letter acknowledging his request, and tasked the search for responsive records to three of its offices: (1) External Affairs, the office that controls FEMA's Photo Library; (2) the Federal Insurance and Mitigation Administration ("Mitigation"); and (3) the Region II Office ("Region II"), the regional office that covers New York. *Id.*; Decl. of Eric Neuschaefer with Exhibits ("Neuschaefer Decl.", ECF No. 23-2 at ¶¶ 20, 25. By December 19, 2011, all three offices had finished their searches and found that they possessed no responsive

---

[2] The Factual Background section, as well as a large part of the Procedural Background, reflects Magistrate Judge Harvey's R. & R. *See* ECF No. 37, Section I.

records. *See* SMF, ECF No. 23-1 at 6; Neuschaefer Decl., ECF No. 23-2 at 6, 49, 52, 55.

At some point during the searches of External Affairs, Mitigation, and Region II, FEMA determined that it had sent all BPS-related records to NIST around May 2002 ("May 2002 Documents") and that it had retained no physical or electronic copies of those records. *See* SMF, ECF No. 23-1 at 6-7, 10; Neuschaefer Decl., ECF No. 23-2 at 3-4, 20-21. Accordingly, on December 23, 2011, FEMA forwarded Mr. Cole's request to NIST. *See* SMF, ECF No. 23-1 at 7; Neuschaefer Decl. ECF No. 23-2 at 63. On that same day, FEMA also sent Mr. Cole a letter informing him that NIST would be handling his request going forward. *See* SMF, ECF No. 23-1 at 6-7; Neuschaefer Decl., ECF No. 23-2 at 60.

NIST received Mr. Cole's request from FEMA on December 28, 2011. *See* Decl. of Catherine S. Fletcher with Attachments ("Fletcher Decl."), ECF No. 23-3 at 1-2. Shortly thereafter, it determined that the only NIST office likely to contain responsive records was the Engineering Laboratory, which had received all WTC-related records from FEMA during the May 2002 transfer. *See id.* ¶ 6. According to NIST, the Engineering Laboratory searched "all files and locations likely to contain responsive documents," and it found 70 documents comprising 3,947 pages that were potentially responsive to Mr. Cole's request. *Id.* ¶¶ 6- 7. On January 19, 2012, NIST sent those

4

documents to FEMA's Disclosure Branch—the office tasked with managing FOIA requests—for further review, and FEMA examined those documents with a subject-matter expert ("SME"). *See* SMF, ECF No. 23-1 at 8; Fletcher Decl., ECF No. 23-3 at 29. By June 29, 2012, FEMA had determined that, of the potentially responsive records it had received from NIST— 3,950 pages by FEMA's count—3,789 pages were "releasable in whole or in part," three pages were "not responsive," and 158 pages potentially fell under the purview of the Department of Energy ("DOE"). *See* Neuschaefer Decl., ECF No. 23-2 at 77-78. With respect to the 158 pages potentially under DOE's purview, FEMA recommended sending them to DOE "for direct reply to [NIST] or [Mr. Cole]." *Id.* at 78. It is unclear whether any of those pages were ever sent to DOE or ever produced to Mr. Cole. *See generally id.*; Fletcher Decl., ECF No. 23-3.

Despite FEMA's June 29, 2012, determination that 3,789 pages of the May 2002 Documents were releasable in whole or in part, NIST, for some reason that remains unclear, did not disclose any records to Mr. Cole but rather "continued its attempts to work with FEMA to process FEMA's referral" of his FOIA request between July and September 2012. Neuschaefer Decl., ECF No. 23-2 at 77; SMF, ECF No. 23-1 at 8; Fletcher Decl., ECF No. 23-3 ¶ 10. NIST avers that, "[t]hrough these discussions," it concluded—at some point that remains unspecified—that it was

5

unable to determine the responsiveness of any of the May 2002 Documents because it could not determine which of them FEMA had used in the BPS. Fletcher Decl., ECF No. 23-3 ¶ 10. NIST also "determined that it was not the proper authority to withhold any of FEMA's records under FOIA and therefore could not issue a final determination" regarding releasability. *Id.* ¶ 11.

Meanwhile, by August 2012, FEMA believed that it had addressed all issues with respect to NIST's referral and that NIST would make the final response to Mr. Cole's request. *See* SMF, ECF No. 23-1 at 9; Neuschaefer Decl., ECF No. 23-2 ¶¶ 33–34. On August 3, 2012, FEMA sent a letter to NIST stating that FEMA "considered its work on the case complete and that NIST should make the final determinations" regarding Mr. Cole's request. Neuschaefer Decl., ECF No. 23-2 ¶ 33. According to Defendants, "[a]s a result of this mix-up"— *i.e.*, each agency believing that the other would issue the final response to Mr. Cole—no responsive documents—other than 2,435 images, 83 video files, and 269 pages of documents that NIST identified in the public domain and which NIST disclosed to Mr. Cole in February 2012 and February 2013—were disclosed to Mr. Cole at that time. *See* Fletcher Decl., ECF No. 23-3 at ¶¶ 8, 12.

FEMA's last communication with Mr. Cole before this lawsuit commenced was an August 30, 2012, letter in which FEMA indicated that NIST would be making all disclosures of responsive records.

*See* Neuschaefer Decl., ECF No. 23-2 at 89 ("It is our understanding the records you have been (or will be) provided by NIST were retrieved from all of the available records FEMA transferred to NIST."). In that letter, FEMA also informed Mr. Cole that it had determined there were approximately 490,000 pages of "supplemental" WTC-related records in storage at the National Archives and Records Administration ("NARA"). *Id.* Although the inventory of the NARA records did not "readily indicate any additional responsive material," FEMA stated that Mr. Cole could submit a new FOIA request if he was "interested in searches being conducted" on those records. *Id.* There is no indication that Mr. Cole ever submitted such a request or that FEMA ever searched the NARA records. *See generally* ECF Nos. 23, 23-2, 23-3, 30.

On March 22, 2013, FEMA asked NIST to return all remaining May 2002 Documents for further review. Fletcher Decl., ECF No. 23-3 at 3, 47-49. On April 10, 2013, NIST complied with this request, and it sent FEMA a letter informing it that, because it could not "determine which of the FEMA records received [ ] were 'used' for the completion of the [BPS]," it was "referring all records [it] received on behalf of FEMA to [FEMA's] attention for review and direct reply to [Mr. Cole]." *Id.* at 51. On that

same day, NIST sent a letter to Mr. Cole informing him that FEMA
would provide the final response to his FOIA request. *Id.* at 55.

### B.   Procedural Background

Having received no responsive records or further
communication from Defendants in the ensuing two-and-a-half
years, Mr. Cole filed this lawsuit on November 12, 2015. *See*
Complaint, ECF No. 1. At some point after this lawsuit
commenced, FEMA's Disclosure Branch conducted another search
within Region II and consulted with an SME, through which it
confirmed that the only responsive records FEMA possessed were
the May 2002 Documents that NIST had sent to FEMA. *See*
Neuschaefer Decl., ECF No. 23-2 ¶ 37; Exhibit 4, ECF No. 30-8 at
2-4. On April 20, 2016, FEMA sent Mr. Cole portions of the May
2002 Documents in an amount that remains unspecified in the
record. April & September 2016 Correspondence to Plaintiff, ECF
No. 23-4 at 1. Invoking 5 U.S.C. § 552(b)(6) ("Exemption 6"),
FEMA withheld certain personally identifying information from
those records in the interest of maintaining the privacy of
individuals who could potentially be identified. SMF, ECF No.
23-1 at 12-13; ECF No. 23-2 at 9, ¶¶ 38- 43; *see* 5 U.S.C. §
552(b)(6) (permitting the government to withhold "files the
disclosure of which would constitute a clearly unwarranted
invasion of personal privacy"). FEMA also claims that pursuant
to 5 U.S.C. § 552(b), it "segregated and disclosed non-exempt

information." Defs.' Mot., ECF No. 23 at 10 (citing 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.")).

Mr. Cole reviewed the April 20, 2016, disclosures, and on June 7, 2016, his counsel sent an email to Defendants' counsel identifying a list of missing records that were referenced in the disclosures. Exhibit 1, ECF No. 30-2 at 1–3. For example, Mr. Cole's counsel noted that, although a document produced by FEMA showed that a set of WTC-related drawings had been sent to a FEMA contractor, FEMA had failed to produce those drawings. *Id.* at 1. He also cited an inventory of BPS- related records that FEMA had sent to NIST in 2002, and which listed CDs, a video, and other drawings that he believed were responsive to Mr. Cole's request, but which were absent from the records that Mr. Cole had received. *Id.* at 1–2.

Defendants' counsel responded by email on August 23, 2016, stating that FEMA had been unable to locate those missing records. *See* Exhibit 2, ECF No. 30-6 at 1–2. Defendants' counsel also stated that some of those records might be located in Region II's local archives and that FEMA would be "willing to send two of its personnel to the warehouse to perform a reasonable search" for them. *Id.* In an October 11, 2016, email,

9

Mr. Cole's counsel requested that FEMA search Region II's local archives. Exhibit 3, ECF No. 30-7 at 3, 4.

On November 22, 2016, Defendants' counsel responded by email that: (1) FEMA had sent Mr. Cole all responsive records in its possession; (2) despite its search and consultation with an SME, FEMA could not locate the missing records that Mr. Cole's counsel had identified; and (3) this served as Defendants' final response to Mr. Cole. Exhibit 4, ECF No. 30-8 at 2-4. In that email, Defendants' counsel also repeatedly stated that "responsive records were not sent to the NARA archives" and that FEMA had "determined that there is no FEMA Region II archive." *Id.* FEMA has provided no further explanation regarding its counsel's statement that "responsive records were not sent to the NARA archives." *Id.*; *see generally* ECF Nos. 23, 23-2. However, with respect to the assertion that "there is no FEMA Region II archive," Exhibit 4, ECF No. 30-8 at 2-4; FEMA has explained in an affidavit that, "[i]n consulting with Region II, . . . it had appeared that there were local archives for New York documents. Upon further inquiry, the Disclosure Branch and its counsel learned that the only local archives were temporary locations that were rented to house information pertaining to the Hurricane Sandy disaster. No FEMA archives exist in New York

that may contain documents responsive to [Mr. Cole's] FOIA request." Neuschaefer Decl., ECF No. 23-2 at 8, ¶ 37.

Dissatisfied with those responses, Mr. Cole moved for limited discovery on March 27, 2017. *See* Motion for Discovery, ECF No. 15. In support of that motion, he argued that Defendants' searches and disclosures were inadequate and that there was evidence of bad faith on Defendants' part in processing his FOIA request. *See* Pl. David Cole's Mem. of P. & A. in Supp. of Mot. for Leave to Conduct Limited Discovery, ECF No. 15-1 at 2–8, 10–11, 13–15. On January 3, 2018, this Court denied Mr. Cole's motion, holding that discovery was premature because Defendants had not yet moved for summary judgment. *See* Mem. Op. and Order, ECF No. 19 at 2; *see also Cole v. Rochford*, 285 F. Supp. 3d 73, 77–78 (D.D.C. 2018). Nevertheless, this Court noted that Mr. Cole had "raised significant questions as to whether FEMA [had] processed documents in good faith in response to [his] FOIA request" and that it was "troubled by multiple aspects of the government's actions," including FEMA's delay in disclosing responsive records until April 2016 despite its June 2012 determination that 3,789 pages of documents were releasable in whole or in part. Mem. Op., ECF No. 19 at 8.  This Court was also "troubled by the government's inconsistent, even contradictory, responses to [Mr. Cole's] inquiries regarding his FOIA request." *Id.* at 9. For example, this Court pointed to the

discrepancies between FEMA's initial representations that there were 490,000 pages of potentially responsive records at NARA and that there might be responsive records in Region II's local archives, and its subsequent assertions that no responsive records had been sent to NARA and that no local archives existed. *Id.*

On April 5, 2018, Defendants moved for summary judgment. *See* Def.'s Mot., ECF No. 23. In support of their motion, they argue that they have conducted adequate searches for responsive records, that they have released all responsive records in their possession to Mr. Cole, that they have properly withheld certain information pursuant to Exemption 6, and that they have complied with FOIA's segregability requirement. *See id.* at 4-10. On June 13, 2018, Mr. Cole filed a combined motion for limited discovery and for summary judgment. *See* Pl.'s Mots., ECF No. 30. In support of his motion, Mr. Cole once again contends that Defendants' searches and disclosures have been inadequate and that there is evidence of bad faith on Defendants' part in processing his FOIA request. *See id.* at 12-43. Mr. Cole, however, does not challenge whether FEMA has properly invoked Exemption 6 or complied with FOIA's segregability requirement. *See* Pl.'s Mots., ECF No. 30 at 12-43.

Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge G. Michael Harvey, up to but excluding trial,

including the preparation of a report and recommendation with respect to any potentially dispositive motions. *See* Min. Order, Jan. 7, 2019. Magistrate Judge Harvey has issued an R. & R. recommending that this Court deny the Defendants' Motion for Summary Judgment, grant the Plaintiff's Motion for Discovery, and deny the Plaintiff's Motion for Summary Judgment as premature. *See* R. & R., ECF No. 37. Both parties have raised objections to Magistrate Judge Harvey's R. & R. *See* Defs.' Objections, ECF No. 43; Pl.'s Objection, ECF No. 44. The motions are fully briefed and ripe for adjudication.

## II.  Legal Standard

### A.  Objections to a Magistrate Judge's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). A district court "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply

reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. D.C.*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citing *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009)) (internal quotation marks omitted).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented to and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)).

### B.   Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment motions must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party

bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(c)(1). This burden "may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

In evaluating a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party"–and thus a "genuine" dispute over a material fact exists–then summary judgment is not available. *Id.* at 248.

For purposes of summary judgment, materiality is determined by the substantive law of the action. *Id.* Accordingly, the substantive law identifies "which facts are critical and which

15

facts are irrelevant," and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Similarly, the applicable substantive evidentiary standards of the action guide "whether a given factual dispute requires submission to a jury." *Id.* at 255. The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

### C.   FOIA

FOIA is based on the recognition that an informed citizenry is "vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). It was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," and it favors "full agency disclosure." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (quoting *Rose v. Dep't of the Air Force*, 495 F.2d 261, 263 (2d Cir. 1974)). FOIA cases are usually resolved on motions for summary judgment. *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). The agency has the burden of justifying its response to the FOIA request it received, and the court reviews its response *de novo*. 5 U.S.C. § 552(a)(4)(B).

D.   **Adequate Search**

To prevail on summary judgment in a FOIA case, the agency must show that it conducted an adequate search for records responsive to the plaintiff's FOIA request. *See Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007). To make a prima facie showing of adequacy, the agency must demonstrate that it made a good-faith effort to search for responsive records "using methods which can be reasonably expected to produce the information requested." *Reporters Comm. for Freedom of Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (adequacy depends on the "appropriateness of the methods used" rather than the "fruits of the search").

It may do so by submitting "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Reporters Comm.*, 877 F.3d at 402 (quoting *Oglesby*, 920 F.2d at 68). Such affidavits "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771

17

(D.C. Cir. 1981)). However, "[a]t a bare minimum, the agency's affidavits need to specify 'what records were searched, by whom, and through what process.'" *Rodriguez v. DOD*, 236 F. Supp. 3d 26, 38 (D.D.C. 2017) (quoting *Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994)).

"The agency fails to meet this burden such that summary judgment is inappropriate when the agency fails to set forth the search terms and the type of search performed with specificity or otherwise provides 'no information about the search strategies of the [agency] components charged with responding to [a] FOIA request' and 'no indication of what each [component's] search specifically yielded.'" *Otero v. DOJ*, 292 F. Supp. 3d 245, 251 (D.D.C. 2018) (quoting *Reporters Comm.*, 877 F.3d at 402).

**E.   Discovery**

"It is well established that discovery is rare in FOIA cases." *Cole*, 285 F. Supp. 3d at 76; *see Thomas v. FDA*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) (noting that "discovery is an extraordinary procedure in a FOIA action"). "Where an agency's declarations are insufficient to support a finding that its search was adequate, courts 'generally will request that an agency supplement its supporting declarations rather than order discovery.'" *Landmark Legal Found. v. EPA*, 959 F. Supp. 2d 175, 183 (D.D.C. 2013) (quoting *Wolf v. CIA*, 569 F. Supp. 2d 1, 10

(D.D.C. 2008)). "However, discovery may be granted when [a] plaintiff has made a sufficient showing that the agency acted in bad faith, has raised a sufficient question as to the agency's good faith, or when a factual dispute exists and the plaintiff has called the affidavits submitted by the government into question." *Citizens for Responsibility and Ethics in Wash. v. DOJ*, No. Civ. 05- 2078 (EGS), 2006 WL 1518964, at *3 (D.D.C. June 1, 2006) [hereinafter "CREW"] (internal citations omitted).

### III. Analysis

In their summary judgment motion, Defendants NIFT and FEMA argue that they conducted a reasonable search for the records Mr. Cole requested, and complied with FOIA's segregability requirement, and should therefore be granted summary judgment because there are no genuine disputes of material fact. *See* Defs.' Mot., ECF No. 23 at 2-3. Mr. Cole responds that summary judgment is unwarranted and that he should be "granted leave under Rule 56(d) to conduct limited discovery" because "genuine disputes of material fact exist regarding whether Defendants have made a complete disclosure of responsive documents." Pl.'s Mots., ECF No. 30 at 13.

Magistrate Judge Harvey finds that "Defendants have not shown that their searches were adequate due to their failure to provide this Court with sufficient details about their methodologies" and consequently recommends denying the motion

for summary judgment. R. & R., ECF No. 37 at 11. He further
finds that "Defendants' conduct—engaging in lengthy delays and
inconsistent representations and failing to adequately explain
them despite this Court's clear expressions of concern,"
warrants limited discovery for Mr. Cole regarding the adequacy
of the government's searches. *Id.* at 19. As a result, he
recommends denying Mr. Cole's motion for summary judgment as
premature. *Id.* at 20.

Defendants FEMA and NIST object to Magistrate Judge
Harvey's report, arguing that: (1) they conducted a reasonably
adequate search; and (2) the remaining issues should be
addressed through supplemental declarations, rather than
discovery. *See* Defs.' Objections, ECF No. 43 at 1-2. Mr. Cole
raises a third objection, arguing that discovery should also
include the "fact question" of whether responsive records could
have been stored in a FEMA Region II local archive.

The Court discusses the appropriate standard of review for
each of the three objections before considering the substantive
merits. The Court does not discuss the parts of Magistrate
Harvey's R. & R. to which no objection is raised, including

whether the Defendants have satisfied FOIA's segregability requirement.

### A. The Standard of Review for Magistrate Judge Harvey's R. & R. Varies Based on the Objection

Pursuant to Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered a recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Proper objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local R. Civ. P. 72.3(b); *see also Means v. District of Columbia*, 999 F. Supp. 2d 128, 132 (D.D.C. 2013).

"If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan*, 979 F. Supp. 2d at 88 (internal citation omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and

firm conviction that a mistake has been committed." *Buie*, No. CV
16-1920 (CKK), 2019 WL 4345712, at *3.

      **1. Magistrate Judge Harvey's R. & R. is Reviewed Only**
            **For Clear Error For Defendants' Objections Related**
            **to the Adequacy of Their Search**

Defendants FEMA and NIST first argue that contrary to
Magistrate Judge Harvey's conclusion, they conducted a
reasonably adequate search for the records requested by Mr.
Cole. *See* Defs.' Objections, ECF No. 43 at 2. Defendants make no
new arguments not presented in their motion for summary
judgment, other than calling attention to the preexisting
record. *See id.* at 3 (arguing that the declaration of Eric
Letvin, who at the time was the Deputy Assistant Administrator
for Mitigation, "is mentioned only in a footnote and the
significance of his testimony appears not to have been
appreciated by the Magistrate Judge."). In essence, the
Defendants reiterate that FEMA requested a search by its
External Affairs, Federal Insurance and Mitigation
Administration, and FEMA Region II (the regional office that
covers New York) divisions, all three of which responded that
they did not have the requested records. *See* Def.'s Objections,
ECF No. 43 at 3; Def.'s Mot., ECF No. 23 at 5-6. Since

Defendants present no new argument, their objection is reviewed only for clear error. *See Houlahan*, 979 F. Supp. 2d at 88/

Defendants next "object to any finding or recommendation in the Report predicated on the possibility that some records were not retained." Defs.' Objections, ECF No. 43 at 4 (referring to R. & R., ECF No. 37 at 18). The Court finds that this objection is conclusory and general, since it fails to point to any specific findings or recommendations in the R. & R. that were in fact based on non-retention of records. *See generally id.* The objection also incorrectly captures Magistrate Harvey's position. Although the R. & R. states that "[t]he insufficiency [of FEMA's search] is further exacerbated by FEMA's repeated failures to locate missing records," the "failures" it references are not non-retention of generic records. Rather, the R. & R. points out "FEMA's repeated failures to locate missing records *that are undisputedly referenced in its disclosures*, *as well as* by its cursory explanations for its inability to locate those missing records and, more generally, the inadequate descriptions of its searches." R. & R., ECF No. 37 at 18 (emphasis added). Selectively picking sentence fragments does not make for a valid objection that the Court can consider.

Defendants also object to the R. & R.'s conclusion that NIST's declaration is deficient because it fails to set forth sufficient detail about its search. *See* Defs.' Objections, ECF

No. 43 at 4-5 (citing R. & R., ECF No. 37 at 15). Here too the
Defendants do not present new arguments, but simply highlight
information in the preexisting record. *See id.* at 5-6. In
addition, Defendants challenge some of the R. & R.'s reasoning,
specifically the R. & R.'s observation that "[d]espite FEMA's
June 29, 2012, determination that 3,789 pages" in NIST's
possession were releasable in whole or in part, "NIST, for some
reason that remains unclear, did not disclose any records to
Plaintiff." *Id.* at 6. Other than highlighting the reason for
NIST's non-disclosure, however, which Magistrate Judge Harvey
himself pointed out, Defendants do not present an objection. *See
id.* The Court is hard pressed to interpret any of the areas the
Defendants present as "aspects of the Report that Defendants
believe would benefit from further clarification" as specific
and proper objections to the R. & R. The Court concludes that
all of Magistrate Judge Harvey's findings related to whether the
Defendants conducted a reasonably adequate search are reviewable
only for clear error. *See Houlahan*, 979 F. Supp. 2d at 88.

   2. **Magistrate Judge Harvey's R. & R. is Partly Reviewed
      De Novo, and Partly for Clear Error, For Defendants'
      Objections Challenging a Grant of Discovery to Mr.
      Cole**

Defendants object to Magistrate Judge Harvey's
recommendation that Mr. Cole be granted limited discovery based
on his finding that FEMA "provided no explanation for its delay"

between April 2013 and April 2016 in disclosing responsive records. *See* Defs.' Objections, ECF No. 43 at 7 (internal citation omitted). However, the argument Defendants present, that there was an oversight by the agencies, is the same argument as in their summary judgment motion. *Compare* Defs.' Objections, ECF No. 43 at 7 *with* Defs.' Mot., ECF No. 23 at 6 (both stating that "NIST apparently made the determination that it was unable to properly determine the responsiveness of the records and was not the proper authority to withhold FEMA's records under FOIA, and therefore could not issue a final determination. FEMA thought that its response to NIST's referral completed its obligations and that NIST would be making the final determinations and response to the requestor") (internal citations omitted). The argument is therefore reviewed only for clear error. *See Houlahan*, 979 F. Supp. 2d at 88.

Defendants also object to the R. & R. citing "as a reason for discovery the fact that "FEMA failed to explain its significant change in position over the existence of potentially responsive documents stored at NARA." Defs.' Objections, ECF No. 43 at 7 (citing R. & R., ECF No. 37 at 17). Defendants assert that the record does not support "an interpretation of a "reversal" of FEMA's position on the potential for WTC-related documents to be stored at NARA." *Id.* Because this objection is

specific and provide a valid basis for objection, the Court reviews it de novo. *See* Local R. Civ. P. 72.3(b).

Defendants next object to the R. & R.'s observation that they failed to adequately explain discrepancies despite the Court's expressions of concern. *See* Defs.' Objections, ECF No. 43 at 8; *see also* R. & R., ECF No. 37 at 18 (stating that "Defendants were on notice about this Court's concerns over their delays and inconsistencies, and they were given the opportunity to avoid discovery by addressing those concerns in reasonably detailed affidavits in support of a motion for summary judgment"). Defendants assert that although they can "appreciate how more attention could have been directed to those concerns," "the appropriate remedy is to order Defendants to provide supplemental declarations or affidavits addressing the areas that the Magistrate Judge found to be deficient or unclear." Defs.' Objections, ECF No. 43 at 8-9. The Court concludes that Defendants present a properly specific objection that will be reviewed de novo. *See* Local R. Civ. P. 72.3(b).

### 3. Magistrate Judge Harvey's R. & R. is Reviewed De Novo For Mr. Cole's Objection to Limited Discovery

Mr. Cole in turn raises an objection to the R. & R., arguing that discovery should include the question of whether responsive records might have been stored in a FEMA Region II local archive. *See* Pl.'s Objections, ECF No. 44 at 1. Mr. Cole

26

asserts that even though Magistrate Judge Harvey concludes that Defendants have adequately explained the major discrepancy in their representations to Plaintiff regarding Region II warehouse storage, the explanation was "based on hearsay from unidentified personnel, which prevents any meaningful assessment of the credibility or accuracy of this latter representation." *Id.* at 2. The Court concludes that it will review this objection de novo, since it specifically identifies "the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local R. Civ. P. 72.3(b).

### B. Defendants FEMA and NIST Did Not Conduct a Reasonably Adequate Search

As discussed *supra*, *see* § III(A)(1), Magistrate Judge Harvey's R. & R. is reviewed only for clear error for defendants' objections related to the adequacy of their search. Magistrate Judge Harvey finds that FEMA's declaration is deficient "because it 'gives no details about the scope or methods of the searches conducted in these three locations.'" R. & R., ECF No. 37 at 11 (citing *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 92 (D.D.C. 2009)). Defendants FEMA and NIST object that they conducted a reasonably adequate search for the records requested by Mr. Cole. *See* Defs.' Objections,

ECF No. 43 at 2. The Court finds no clear error in Magistrate Judge Harvey's conclusion.

As Magistrate Judge Harvey explains, FEMA has failed to explain both how its searches were carried out and what files the searches covered. *Id.* at 11-12. The testimony FEMA references from Mr. Letvin and Mr. Tertell, asserting that all records were turned over to NIST, does not provide any detail on the search conducted, *see* Defs.' Objections', ECF No. 43 at 3; nor does the Neushchaefer Declaration make up for enough of these deficits. *See* R. & R., ECF No. 37 at 11. Without more information, "even if the Court can make 'reasonable guesses about the answers to those questions,' the Court cannot award the agency summary judgment on the adequacy of its search." R. & R., ECF No. 37 at 12 (citing *Davidson v. U.S. Dep't of State*, 206 F. Supp. 3d 178, 191 (D.D.C. 2016)).

Defendants FEMA and NIST also object to the R. & R.'s conclusion that NIST's declaration is deficient because it fails to set forth sufficient detail about its search. *See* Defs.' Objections, ECF No. 43 at 4-5 (citing R. & R., ECF No. 37 at 15). Defendants argue that it is "important to recognize that NIST is involved in this FOIA litigation only because FEMA had transferred the responsive documents to it in 2002" and accordingly, "there would be no need for NIST to perform any search beyond what is necessary to locate the files transferred

by FEMA." *Id.* at 5. Again, the Court finds no clear error in Magistrate Harvey's R. & R.

Like FEMA, NIST fails to lay out its search terms or methodology in any detail. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999). For the purposes of FOIA, this Court's concern is not how or why NIST came to be in possession of the records that Mr. Cole seeks; the Court's focus is simply on whether NIST has adequately searched for the records transferred to it rather than leaving the Court to speculate. *See Wilson*, 192 F. Supp. 3d at 128. The Court can appreciate the added complexity of searching records that an agency did not create itself, for which "it doesn't already have a listing of potentially responsive material," Defs.' Objections, ECF No. 43 at 5; but that does not excuse NIST's failure to explain *how* it went about its search.

Defendants reply that "[e]xpecting a list of search terms misses the point that NIST had lists or logs of the responsive BPS material in its possession that were transferred by FEMA and that NIST used those lists or logs to guide its search for the BPS material." Defs.' Reply in Supp. of Objections, ECF No. 46 at 3. The Court can certainly appreciate how the log would be a useful basis for the BPS material search, but Defendants continue to miss the point that they have not explained *how* the lists guided their search, and what their methodology was when

29

searching the log. NIST has established that it does indeed have (1) a "database listing of all items received by FEMA in May 29, 2002, that had been digitized by the time the FOIA request was received in December 2011"; and (2) a "comprehensive listing of all records in NIST's possession that were identified as potentially responsive to the request, i.e. all locatable records received from FEMA on May 29, 2002." *Id.* What the Court is missing is *how* the records were searched. The Court finds that Magistrate Harvey did not clearly err in concluding that NIST's "blanket assurance" that it searched "all files and locations likely to contain responsive documents" is insufficient. *See* R. & R., ECF No. 37 at 15.

### C. The Remaining Issues Are Properly Addressed Through Discovery Rather Than Supplemental Declarations

Magistrate Judge Harvey recommends that Mr. Cole be granted limited discovery because "Defendants' conduct—engaging in lengthy delays and inconsistent representations and failing to adequately explain them despite this Court's clear expressions of concern—'raises a question' as to whether Defendants have 'been diligent and expeditious in complying with [their] FOIA obligations.'" R. & R., ECF No. 37 at 19 (citing quoting *CREW*, 2006 WL 1518964, at *5). Defendants object that: (1) they have provided an explanation for their delay, namely "an oversight by the agencies"; (2) they have explained the inconsistencies in

30

their representations; and (3) the Court's remaining concerns should be addressed through supplemental declarations. Defs.' Objections, ECF No. 43 at 7-9. As discussed *supra* § III(A)(2), for the first objection to granting discovery, which reiterates Defendants' summary judgment argument, the R. & R. is reviewed only for clear error. The R. & R. is reviewed de novo for the second and third objections.

Defendants first reason that the delay in response was occasioned by each agency thinking the other would be issuing the final response. *Id.* Admittedly, as Magistrate Judge Harvey explains in the R. & R., this explanation is "problematic" because after FEMA sent a letter to NIST stating that it "considered its work on the case complete and that NIST should make the final determinations," it then asked NIST several months later to return all the remaining May 2002 documents for further review. R. & R., ECF No. 37 at 16 (internal citations omitted). After complying with this request, NIST then sent FEMA a letter stating that it could not "determine which of the FEMA records received [ ] were 'used' for the completion of the [BPS]," it was "referring all records [it] received on behalf of FEMA to [FEMA's] attention for review and direct reply to [Mr. Cole]." Fletcher Decl., ECF No. 23-3 at 51. Magistrate Judge Harvey correctly points out that "FEMA knew or should have known that NIST believed FEMA would be issuing the final response," R.

31

& R., ECF No. 37 at 16. However, FEMA acknowledges this mistake, admitting there was "an oversight by the agencies." Defs.' Objections, ECF No. 43 at 7. As the Defendants concede, the proffered explanation is far from a satisfying one. *See id.* Sleeping on its FOIA obligations for several years makes for a glaring *lack* of oversight by FEMA. It does, however, nonetheless provide an explanation. While the Court finds a clear error on this narrow issue, it does not prevent a grant of discovery, as discussed below.

In support of their argument against discovery, Defendants also object to the R. & R. citing "as a reason for discovery the fact that 'FEMA failed to explain its significant change in position over the existence of potentially responsive documents stored at NARA.'" Defs.' Objections, ECF No. 43 at 7 (quoting R. & R., ECF No. 37 at 17). FEMA initially represented to Mr. Cole that there were approximately 490,000 pages of "supplemental" WTC-related documents in storage at NARA. *See* Neuschaefer Decl., ECF No. 23-2 at 89. However, FEMA's counsel then stated in an email over four years later that "responsive records were not sent to the NARA archives." ECF No. 30-8 at 2-4. Magistrate Judge Harvey concludes that "[t]his statement is plainly insufficient to explain FEMA's reversal." R. & R., ECF No. 37 at 17. Defendants argue that the later letter from FEMA's counsel is not inconsistent with FEMA's earlier representation because

32

it "nowhere states that the BPS background or raw data sought by Plaintiff was sent to NARA; the letter plainly states that *other* WTC records reside in NARA storage." Defs.' Objections, ECF No. 43 at 8.

Although Mr. Cole does not specifically address any of the Defendants' other objections discussed thus far, he strongly weighs in on Defendants' argument here. He asserts that "[t]he Defendants' handling of this issue of the 490,000 pages of agency 9/11 records sent to NARA reflects bad faith, because: (1) Defendants did not even identify these 490,000 pages of records to Plaintiff in their initial response to his FOIA; (2) Defendants then did not conduct a search of these files once their existence was disclosed; (3) Defendants then required, contrary to law, Plaintiff to file an additional FOIA request if he wanted these files searched to determine if they contained responsive records; (4) Defendants then made a false representation to Plaintiff which clearly misrepresented that the 490,000 pages of 9/11 files sent to NARA were known to contain no responsive records, contrary to their initial representation; and (5) finally Defendants argued to this Court, see Defendants' Objections at 7-8, that the Magistrate erred on this issue in concluding there was an inconsistency in Defendants' representations, without disclosing to this Court the complete language of Defendants' initial representation that

made this inconsistency apparent." Pl.'s Resp. to Defs.'
Objections, ECF No. 45 at 4. The Court agrees with Mr. Cole,
even reviewing the R. & R. de novo.

FEMA's initial 2012 representation to Mr. Cole stated, as
FEMA concedes, that there were approximately 490,000 pages of
"supplemental" WTC-related records in storage at NARA, although
the "inventory description of the NARA records does not readily
indicate any additional responsive material for your specific
WTC requests." Neuschaefer Decl., ECF No. 23-2 at 89. FEMA tries
to distinguish between the BPS background or raw data sought by
Plaintiff, and the "*other* WTC records" residing in NARA storage,
*see* Defs.' Objections, ECF No. 43 at 8; but the Court is unable
to see how, unless FEMA went through and searched the pages,
which it does not assert that it did, it can state with
certainty that "responsive records were not sent to the NARA
archives." ECF No. 30-8 at 2–4.

The Court is cognizant that searching through 490,000 pages
is an onerous task. However, granting discovery in this case for
records FEMA itself identified as supplemental does not
"effectively penalize FEMA for being more transparent," Defs.'
Objections, ECF No. 43 at 8; instead, it ensures FEMA meets its
legal duty and conducts an adequate search for a FOIA request
that it improperly ignored for several years. Contrary to FEMA's
assertion, Mr. Cole is not advancing "purely speculative claims

about the existence and discoverability of other documents." *see* Defs.' Reply in Supp. of Objections, ECF No. 46; he is asking for FEMA to search supplemental records it itself identified.

Defendants' final challenge to discovery stems from the R. & R.'s observation that they failed to adequately explain discrepancies despite the Court's expressions of concern. *See* Defs.' Objections, ECF No. 43 at 8; *see also* R. & R., ECF No. 37 at 18 (stating that "Defendants were on notice about this Court's concerns over their delays and inconsistencies, and they were given the opportunity to avoid discovery by addressing those concerns in reasonably detailed affidavits in support of a motion for summary judgment."). Magistrate Judge Harvey concludes that, based on the record, "it should have been plain to Defendants that they would not be given another opportunity to address this Court's concerns if they failed to do so in their motion for summary judgment and its accompanying affidavits." R. & R., ECF No. 27 at 19. FEMA and NIST, however, state that they "do not read this Court's 2018 Opinion (ECF No. 19) as indicating that Defendants would not be given another opportunity to address issues raised by the Court or that after summary judgment Defendants have now exhausted their opportunities to provide written testimony." Defs.' Objections, ECF No. 43 at 8. They add that since Magistrate Judge Harvey did not find that they acted in bad faith, discovery is not

appropriate. *Id.* Mr. Cole responds that "[t]he alternative to discovery suggested by the government, of permitting the government the opportunity to simply provide further declarations, is likely to simply lead to more delay as these declarations are likely to again prove inadequate and just lead to further, time-consuming motion practice." Pl.'s Resp., ECF No. 45 at 8. The Court agrees.

Discovery is generally limited to whether "the plaintiff has made a sufficient showing that the agency acted in bad faith." *Voinche v. FBI*, 412 F. Supp. 2d 60, 71 (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir.1994)). "However, discovery may be granted when [a] plaintiff has made a sufficient showing that the agency acted in bad faith, has raised a sufficient question as to the agency's good faith, or when a factual dispute exists and the plaintiff has called the affidavits submitted by the government into question." *CREW*, 2006 WL 1518964, at *3. Here, as Magistrate Judge Harvey astutely observes, "[d]efendants' conduct—engaging in lengthy delays and inconsistent representations and failing to adequately explain them despite this Court's clear expressions of concern—'raises a question' as to whether Defendants have 'been diligent and expeditious in complying with [their] FOIA

obligations.'" R. & R., ECF No. 37 at 19 (quoting *CREW*, 2006 WL
1518964, at *5).

    This Court had previously noted that Mr. Cole "has raised
significant questions as to whether FEMA has processed documents
in good faith in response to [his] FOIA request," and that it
was "troubled by the government's inconsistent, even
contradictory, responses to [Mr. Cole's] inquiries regarding his
FOIA request." *Cole*, 285 F. Supp. 3d at 77. However, the Court
denied Mr. Cole's first motion for limited discovery precisely
because FEMA and NIST had not "submitted any declarations
setting forth details related to [their] search." *Id.* at 77-78.
The Court further stated that if Mr. Cole believed the
declarations were insufficient to show an adequate search, he
could oppose the government's motion for summary judgment on
that ground, and "[i]f the Court agrees with [Plaintiff], it may
reconsider [Plaintiff's] request for discovery at the summary-
judgment stage." *Id.* at 78. Based on the continued lack of
details in the affidavits provided by FEMA, the Court concludes
that this is the rare case where discovery, rather than
supplemental declarations, is warranted as to the Defendants'
searches. The Court finds it unnecessary to address the scope of
discovery at this juncture and will direct the parties to submit

a proposed plan for obtaining discovery limited to the adequacy
of the Defendants' searches.

### D. The Grant of Discovery To Mr. Cole Should Be Limited as Recommended in the R. & R.

Magistrate Judge Harvey concludes in his R. & R. that
although FEMA has not explained the discrepancy regarding the
490,000 pages in storage at NARA, it has sufficiently explained
the other major discrepancy, i.e., whether certain missing
records might be in Region II's local archives. *See* R. & R., ECF
No. 37 at 17 n.16. In its August 23, 2016, email to Plaintiff,
Defendants' counsel had initially stated that certain missing
records might be in Region II's local archives and that the
agency would be "willing to send two of its personnel to the
warehouse to perform a reasonable search" for them. Exhibit 2,
ECF No. 30-6 at 1–2. FEMA subsequently asserted that, "[u]pon
further inquiry, the Disclosure Branch and its counsel learned
that the only local archives were temporary locations that were
rented to house information pertaining to the Hurricane Sandy
disaster. No FEMA archives exist in New York that may contain
documents responsive to [Plaintiff's] FOIA request." Neushaefer
Decl., ECF No. 23-2 ¶ 37. Magistrate Judge Harvey observed that
"[w]hile this explanation is not a model of thoroughness and
clarity, it suffices for purposes of explaining why Region II's

local archives would be unlikely to contain records responsive
to Plaintiff's FOIA request." R. & R., ECF No. 37 at 17 n.16.

Mr. Cole objects that "the explanation offered was based on
hearsay from unidentified personnel, which prevents any
meaningful assessment of the credibility or accuracy of this
latter representation," and that "[t]here is no way under the
circumstances, other than discovery," for him to determine
whether this hearsay is "trustworthy." Pl.'s Objection, ECF No.
44 at 2. FEMA and NIST respond that "supposedly missing
documents does [sic] not render a search inadequate as FOIA only
obligates an agency to disclose those records which the agency
has retained." Def.'s Reply in Support of Objections, ECF No. 46
at 6 (referencing *Kissinger v. Reporters Comm. for Freedom of
the Press*, 445 U.S. 136, 151–52 (1980)). The Court agrees with
the Defendants and Magistrate Judge Harvey that discovery is
unnecessary with regard to Region II's local archives.

The question for the Court is not whether Mr. Cole finds
FEMA's explanation and sources trustworthy; the legal standard
is that the agency must demonstrate that it made a good-faith
effort to search for responsive records "using methods which can
be reasonably expected to produce the information requested."
*Reporters Comm. for Freedom of Press*, 877 F.3d at 402. FEMA has
demonstrated its good-faith effort regarding the Region II
archives, and its affidavits are "accorded a presumption of good

39

faith . . .,'" *SafeCard Servs., Inc.*, 926 F.2d at 1200; such that the Court has no reason to question their trustworthiness as long as they satisfy the relevant legal standard. Here, the agency's affidavits must specify "what records were searched, by whom, and through what process.'" *Rodriguez*, 236 F. Supp. 3d at 38 (internal quotation and citation omitted). Contrary to Mr. Cole's assertion, FEMA does explain that the Region II local archives were searched by "the Disclosure Branch and its counsel," who "learned that the only local archives were temporary locations that were rented to house information pertaining to the Hurricane Sandy disaster." Neushaefer Decl., ECF No. 23-2 ¶ 37. Mr. Cole does not refer the Court to any authority that requires FEMA to provide the names of every employee involved in the search. *See generally* Pl.'s Objection, ECF No. 44.

The Court concludes that FEMA has satisfied its burden with respect to the Region II local warehouse search, and discovery on this issue is unwarranted.[3]

## IV.  Conclusion

For the foregoing reasons, Magistrate Judge Harvey's R. & R., *see* ECF No. 37, is **ADOPTED IN PART and REJECTED IN**

---

[3] Neither party contests Magistrate Judge Harvey's finding that a grant of summary judgment to Mr. Cole would be premature given the grant of discovery. *See* R. & R., ECF No. 37 at 2. The Court accordingly does not discuss Mr. Cole's summary judgment motion.

Case 1:15-cv-01991-EGS-GMH Document 48 Filed 12/21/21 Page 41 of 41

**PART.** The only portion of the R. &. R that is rejected is Magistrate Judge Harvey's finding that Defendants have not adequately explained their delay in responding to Mr. Cole's FOIA request. *See* R. & R., ECF No. 37 at 16-17. Defendants FEMA and NIST's Motion for Summary Judgment, *see* ECF No. 23; is **DENIED.** Mr. Cole's Combined Motion, *see* ECF No. 30, is **DENIED IN PART** as to summary judgment as premature and **GRANTED IN PART** as to limited discovery.

The parties shall submit, by no later than January 7, 2022, a Joint Status Report with a proposed plan for obtaining discovery limited to the adequacy of the Defendants' searches, excluding the question of whether responsive records were stored in the Region II warehouses.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan
            United States District Judge
            December 21, 2021**