UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-01991-EGS |
| | ) |
| DR. WALTER G. COPAN, in his official capacity as Director of the National Institute for Standards and Technology, et al., | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' COUNTER STATEMENT TO PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF RENEWED CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Defendants, by and through the undersigned counsel, respectfully submits this Defendants' Response to Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Renewed Cross Motion for Summary Judgment.

Defendants note that many of Plaintiff's statements of facts do not comply with Judge Sullivan's Standing Order (ECF No. 18) ¶ 13.a. that it "must contain only one undisputed factual assertion per numbered row." As a consequence, and without waiver, Defendants are unable to provide a counter statement of fact in some instances. Further, some statements are argument, not statements of fact.

| | Plaintiff's Statement of Facts | Defendants' Counter Statement of Facts |
|---|---|---|
| 1. | On or about May 20, 2011, Plaintiff Cole requested via the FOIA all background or raw data, photos, videos, audio records, filed notes, memoranda, laboratory | Defendants admit in part. Plaintiff requested from FEMA "background or raw data used for the FEMA 403 Building Performance Study ["BPS"], |

1

|   | | |
|---|---|---|
|   | samples and results, and other records used by the Federal Emergency Management Agency (FEMA) in preparing its World Trade Center (WTC) Building Performance Study (BPS). Cole Prior-filed Exhibit, ECF No. 28-13 (FEMA FOIA request acknowledgement letter). | concerning the World Trade Center[,]" including "photos, videos, audio, field notes, memorandums, and laboratory samples, etc." Defendant Exhibit ("DEX") 5. . |
| 2. | FEMA asserted on December 23, 2011 that it had no responsive records in its possession, and asserted that it had conducted a "comprehensive search." Cole Prior-filed Exhibit ECF No. 28-10 (FEMA final FOIA response letter). | FEMA admits in part. In that letter, FEMA stated that it was "unable to locate or identify any responsive records" in its possession but also determined that "the information you seek" is in the possession of NIST. DEX 5. |
| 3. | NIST returned to FEMA copies of some of the FEMA BPS records it was holding asserting that it was returning all such records that were responsive to Plaintiff's FOIA request. Defendants' Renewed Motion for Summary Judgment Exhibit (DEX) 2, ECF No. 56-2 (Fletcher Depos. Tr. at 50:20 - 51:7, 55:14-15, 57:9-21 - 58:2-6). This transfer of BPS records from NIST back to FEMA occurred in January 2012. Cole Prior-filed Exhibit, ECF No. 28-11 at 1 (FEMA – NIST correspondence). DEX 9 (FEMA response to Cole Interrogatory 1 at 5). | This statement does not comply with Standing Order ¶ 13.a.

Defendants admit that NIST referred back to FEMA certain records that it had located and that had not been released directly to Plaintiff. |
| 4. | On June 29, 2012, FEMA determined, as part of its consultation with NIST, that 3,789 pages of responsive records had been located and identified by NIST as releasable to Cole under the FOIA. Cole Prior-filed Exhibit, ECF No. 28-11 (FEMA letter to NIST). | FEMA admits. |
| 5. | FEMA reported to Cole, on August 30, 2012, that it had an additional 490,000 pages of WTC records stored at the National Archives and Records Administration (NARA) which had not been searched for records responsive to Cole's FOIA request. Cole Prior-filed Exhibit ECF No. 28-12 (FEMA letter to Cole). DEX 1 (Bridges Depos. at 37:20-22, 38:1-8). | FEMA admits in part. That letter dated August 30, 2012, in responding to questions of Plaintiff, explained that the "inventory" of the NARA-stored records did "not readily indicate any additional responsive material" to Plaintiff's FOIA were stored with NARA and that the NARA-stored records came from a regional office, not FEMA Headquarters. ECF No. 28-12. |

| | | |
|---|---|---|
| 6. | FEMA failed to produce to Plaintiff or allow Plaintiff access to any of the requested records prior to Plaintiff Cole filing his Complaint in this action. After the Complaint was filed, Defendants produced what appear to be all or most of the approximately 3,700 pages of responsive records that Defendants had documented as responsive and releasable. However, Plaintiff Cole upon reviewing those produced records observed that a number of important responsive records known to exist (or known to have existed) were not produced. Cole Prior-filed Exhibits ECF No. 28-9 (Cole Declaration); ECF No.s 28-2, 28-7 (Letters from Plaintiff's Counsel to Defendants' Counsel). In post-Complaint correspondence from Defendants' counsel to Plaintiff's counsel, Defendants purported to be unable to locate any of these missing records. Cole Prior-filed Exhibits ECF No.s 28-6, 28-8. | This statement does not comply with Standing Order ¶ 13.a.  As currently written, FEMA is unable to provide a direct response and therefore denies.<br><br>FEMA further objects that the timing of FEMA's records releases is not material to the adequacy of its search, which is the issue before the Court. |
| 7. | Both FEMA and NIST arbitrarily, at best, limited their search to the task of locating specific records listed on one specific inventory, referenced by the parties as the "McAllister Inventory," DEX 7 ECF No. 56-3, which was prepared by or for NIST engineer Therese McAllister in June of 2002 to reflect records transmitted in May 2002 to NIST for FEMA by FEMA's contractor G&O. DEX 3 ECF No. 56-2 (Kellie Beall Deposition at 9:1-22, 10:1-22, 11:1-18, 13:10-12, 14:1-22, 15:1-18, 16:16-22, 17:1). | This statement does not comply with Standing Order ¶ 13.a.<br><br>NIST admits that it used the inventory at DEX 7 to locate records responsive to Plaintiff's FOIA request.  NIST further objects to and denies the argument that it acted "arbitrarily" and conducted a "limited" search.<br><br>FEMA denies. The statement does not pertain to its search activities. |
| 8. | No search was conducted by FEMA of the computer, paper, email, or backup records of FEMA's own BPS personnel, including FEMA BPS Project Manager Paul Tertell. DEX 1 (Bridges Deposition at 31:1-22, 32:1-2, 75:13-21); DEX 9 (FEMA response to Cole Interrogatory 2 at 6). | FEMA admits in part.  FEMA tasked searches to three offices and consulted with subject matter experts, including Paul Tertell, to determine whether FEMA possessed the records requested in Plaintiff's FOIA request.  *See* Defendants' SOF ¶¶ 9-26. |

3

| | | |
|---|---|---|
| 9. | WTC BPS project manager Paul Tertell was copied by the BPS team members including FEMA's BPS prime contractor Greenhorne & O'Mara (G&O) via email and otherwise on numerous BPS records during the period he managed the BPS project. Plaintiff Cole Cross Motion for Summary Judgment Exhibit (PEX) 2 (Sample of BPS Team emails to Tertell and Swiren). DEX 1 (Bridges Depos. at 27:13-22). PEX 1 (GNS 2003 transfer of BPS records at p. 3 pdf, p. 2 of transmittal letter, with cc to Tertell). | FEMA admits. |
| 10. | FEMA not only did not transfer the sole copy of BPS records held or stored by any FEMA personnel to NIST, FEMA transferred *no* FEMA computer hard drives, FEMA emails, FEMA electronic backups, or FEMA paper records to NIST from FEMA's own personnel, but rather FEMA only directed the transfer of *contractor* records to NIST. DEX 1 (Deposition of Bridges at 74:15-18, 75:1-12) (FEMA's BPS Project Manager Paul Tertell's emails were not transferred to NIST.) DEX 1 (Letvin Depos. at 147:21-22, 148:1-5) (FEMA BPS Project Manager Tertell's computer was not given to Letvin to transfer to NIST). There is no indication that FEMA's computer and email records responsive to Cole's FOIA request were intentionally destroyed. DEX 1 (Bridges Depos. at 95:22, 96:1-4). | This statement does not comply with Standing Order ¶ 13.a.<br><br>FEMA admits that it did not transfer FEMA computers, storage devices, or FEMA-generated paper records to NIST in relation to the BPS.<br><br>To the extent Plaintiff contends that FEMA possessed its own "copy" of the background data used in the BPS and sought in Plaintiff's FOIA request, FEMA denies. The background data for the BPS was collected by G&O and that collection was not provided to FEMA, only to NIST. DEX 1 (FEMA Tr. at 121:4-19; 132:6-19, 140:12-19, 153:3-6); DEX 6. |
| 11. | The statements of FEMA officials including Tertell's boss Mr. Laatsch state only that BPS information was sent to NIST, not that their or FEMA's "sole copies" were sent to NIST. DEX 18 (Laatsch email). | FEMA objects to this statement as argument, not a statement of fact. FEMA refers he Court to Mr. Laatsch's email in DEX 18.<br><br>FEMA denies that it possessed its own "copy" of the background data used in the BPS and sought in Plaintiff's FOIA request. The background data collected by G&O was not provided to FEMA, only to NIST. DEX 1 (FEMA Tr. at 121:4-19; 132:6-19, 140:12-19, 153:3-6). |

4

| | | |
|---|---|---|
| 12. | Contractor G&O did not have access to FEMA personnel's information technology (IT) or computers and could not have transferred FEMA's email records, computer records, or hard drives to NIST. DEX 1 (Letvin Depos. at 147:21-22, 148:1-5). | FEMA admits. |
| 13. | FEMA Contractor G&O likely retained some of the BPS records because no effort was made to delete G&O email or computer records. DEX 1 (Letvin Depos. at 148:6-21). | FEMA denies.  Letvin testified that he "d[id]n't recall deleting any files" while at G&O and that "[i]f there was some remnant on a server or email, that likely remained" at G&O.  DEX 1 (FEMA Tr. at 148:6-21). |
| 14. | FEMA contractor Gilzanz Murray Steficek (GMS) did retain copies of BPS records. GMS's 2003 transfer of BPS records was a transfer of "copies." PEX 1 at 1, 2, 10-27. | Defendants object as this statement because they cannot respond to what a third party "retain[ed]." |
| 15. | A set of BPS records was transferred to NIST from FEMA contractor GMS in January 2003. This BPS records transfer, which occurred after the May 2002 G&O transfer reflected in the McAllister Inventory, was specifically addressed to the attention of NIST engineer McAllister. PEX 1. | NIST admits that it (not FEMA) received records from GMS acquired via purchase order and refers the Court to PEX 1 for a true and accurate statement of its contents.  NIST denies to the extent Plaintiff contends these records were responsive to Plaintiff's FOIA request. |
| 16. | NIST did not search its WTC database for BPS records involved in the January 2003 GMS BPS records transfer, but could have. DEX 3 (Beall Depos. at 23:8-14). | NIST admits that it did not search for records identified in PEX 1 in response to the referral of Plaintiff's May 2011 FOIA request.<br><br>However, NIST denies that it did not search for records identified in PEX 1. Plaintiff separately requested under FOIA and received these records. Second Fletcher Decl. ¶¶ 12-16. |
| 17. | FEMA did not ask its contractors to search their records for records responsive to Cole's FOIA request. DEX 9 (FEMA responses to Cole Interrogatory 5 at 8-9); DEX 1 (Bridges Depos. at 94:11-20). | FEMA admits. |
| 18. | Ms. Beall testified, and the documents she created that NIST produced show, that key responsive records including certain WTC drawings, certain BPS data CDs, and FEMA's FTP (web) site backup files | This statement does not comply with Standing Order ¶ 13.a.<br><br>NIST admits that searches conducted by Beall located records responsive to |

5

|   | | |
|---|---|---|
|   | were in fact located during Defendant NIST's "search" that was conducted prior to initiation of this litigation (a "search" that was limited to simply locating items on the McAllister Inventory). DEX 3 (Beall Depos. at 11:2-18, 12:17-22, 13:1, 10-12, 20-22, 14:1-3, 14:22, 15:1-18, 16:16-22, 17:1-8, 11-22, 18:1-22, 31:18-22, 32:1-3, 43: 21-22, 44:1-21, 46:14-22, 47:1). DEX 23 (Ms. Beall's checked off version of McAllister Inventory). | Plaintiff's May 2011 FOIA request and located almost all records listed on the McAllister inventory. DEX 23. |
| 19. | NIST limited Ms. Beall's "search" to the McAllister Inventory records list, thereby avoiding locating the set of BPS records later transferred by GMS to NIST for FEMA in January 2003 (see PEX 1). DEX 3 (Beall Depos. at 10:6-22, 11:1-7, 26:4-16). NIST failed to search NIST's own WTC computer database, emails, computers, or staff files for all responsive records. DEX 3 (Beall Depos. 26:4-16, 38:2-10, 50:8-15, 51:22, 52:1-21). Ms. Beall's search efforts were limited in this manner via instructions from NIST Engineer Therese McAllister. *Id.* | This statement does not comply with Standing Order ¶ 13.a.  NIST admits that "McAllister provided [Beall] with a list of items that would be responsive to the request," DEX 3 (Beall Tr. at 10:6-11:1), but it objects to and denies the argument that her search was "limited" and "avoid[ed]" records responsive to Plaintiff's FOIA request. |
| 20. | NIST Engineer McAllister knew that NIST had been sent in January 2003 via FEMA contractor GMS another set of WTC BPS records because that later GMS transfer of BPS records was specifically addressed to the attention of Ms. McAllister. PEX 1. | NIST admits that it received the letter reflected in PEX 1. To the extent Plaintiff asserts that PEX 1 lists records responsive to Plaintiff's May 2011 FOIA request, NIST denies because PEX 1 does not, on its face, identify records "used" in the BPS or indicate that FEMA ever created or obtained these records. |
| 21. | Ms. Beall testified in her deposition that any such additional responsive BPS records sent to NIST from FEMA BPS contractor GMS (or others) could have been located by her in the NIST WTC database during a search had Ms. Beall been asked to do a complete search of that NIST WTC computer data base. DEX 3 (Beall Depos. at 22:12-22, 23:1-14). | This statement does not comply with Standing Order ¶ 13.a.  NIST objects to this statement as argument (*i.e.*, what "could have been located" if a different FOIA request had been made to NIST), not a statement of fact; the cited deposition testimony speaks for itself. |
| 22. | Ms. Beall was never informed by Ms. McAllister or any other NIST official of | NIST admits that Beall testified that she was not made aware, as part of her search for records responsive to the May |

6

| | | |
|---|---|---|
| | the 2003 GMS transfer of BPS records to NIST. DEX 3 (Beall Depos. at 54:6-14). | 2011 FOIA request, of a transfer for records from GMS to NIST. DEX 3 (Beall Depos. at 54:6-14). |
| 23. | This later GMS transfer of BPS records to NIST in 2003 contained numerous video and photographic records that very likely included key responsive records that Cole had identified as missing from Defendants initial post-litigation FOIA document production. PEX 1 (GMS 2003 Transmittal of BPS records to NIST at pp. 10-26 of pdf, making numerous references to WTC photos, video, and CDs collected or created for the BPS). | This statement does not comply with Standing Order ¶ 13.a.<br><br>NIST objects to this statement as argument, not a statement of fact. To the extent a response is required, NIST denies because PEX 1 does not, on its face, identify records "used" in the BPS or indicate that FEMA ever created or obtained these records.<br><br>Plaintiff separately requested under FOIA and received the records reflected in PEX 1. Second Fletcher Decl. ¶¶ 12-16. |
| 24. | The "Steficek video" likely would have been located had NIST conducted an actual search of their WTC computer database and found the 2003 GMS transfer of BPS records rather than arbitrarily limiting their "search" effort to just locating the specific items on the McAllister Inventory. PEX 1 (GMS 2003 Transmittal of BPS records to NIST at, e.g., pp. 3, 15, 24, and 25 of pdf, making numerous references to Steficek in regard to WTC photos and CDs collected or created for the BPS). Plaintiff Cole advised Defendants shortly after this litigation commenced that their initial production of records did not include the Steficek video referenced in Appendix D to the agency final BPS report (in the Steel Data Collection Spreadsheet, item 98, right hand column). Plaintiff Cole Prior-filed exhibits, ECF No.s 28-2, 28-7 (Plaintiff's Counsel's emails to Defendants' counsel); ECF No. 28-3 (Excerpt from FEMA BPS Appendix D referring to Steficek video at p. 3 of 3). | This statement does not comply with Standing Order ¶ 13.a.<br><br>NIST objects to this statement as argument (*i.e.*, what "would have" happened), not a statement of fact. To the extent a response is required, NIST denies because PEX 1 does not, on its face, identify records "used" in the BPS or indicate that FEMA ever created or obtained these records. *See* Second Fletcher Decl. ¶ 9. |
| 25. | There is no indication that the set of BPS records that GMS transferred to NIST with FEMA approval in January 2003 | This statement does not comply with Standing Order ¶ 13.a. Defendants object to this statement as argument, not |

|  | | |
|---|---|---|
|  | were located or searched by either FEMA or NIST, for the Steficek video or any other of the Cole-identified missing responsive records (or any responsive records). Cole Exhibit 1, which is the GMS transfer letter and associated records indices listing the BPS records being transferred, reflects on its face that virtually all of the BPS records in this set would have been responsive to Cole's FOIA request. PEX 1. | a statement of fact.  To the extent a response is required, NIST denies because PEX 1 does not, on its face, identify records "used" in the BPS or indicate that FEMA ever created or obtained these records.  *See* Second Fletcher Decl. ¶ 9.

Plaintiff separately requested under FOIA and received the records reflected in PEX 1.  Second Fletcher Decl. ¶¶ 12-16. |
| 26. | It is important to note that not only was *NIST* aware of this later transfer of BPS records from FEMA contractor GMS to NIST in January 2003, given that this transfer was addressed specifically to NIST engineer Therese McAllister, Cole Fact 20, PEX 1, but that *FEMA* was also aware of this transfer of BPS records because FEMA BPS Project Manager Paul Tertell was involved in approving the transfer. PEX 1 at p. 28. | This statement does not comply with Standing Order ¶ 13.a.  Defendants object to this statement as argument, not a statement of fact.  To the extent a response is required, NIST denies because PEX 1 does not, on its face, identify records "used" in the BPS or indicate that FEMA ever created or obtained these records.  *See* Second Fletcher Decl. ¶ 9. |
| 27. | Defendants did not disclose this 2003 GMS transfer to NIST of BPS records in their discovery answers or in any of their court filings, and all three of the four witnesses that Defendants designated as their Rule 30(b)(6) deponents for the court authorized discovery who had occasion to speak to the question in their depositions disclaimed knowledge of this 2003 GMS BPS records transfer.  DEX 1 (Depos. of Bridges at  42:14-22). DEX 1 (Depos. of Letvin at 131:13-22, 132:1-5, 146:15-22). DEX 3 (Depos. of Beall at 54:6-14). | This statement does not comply with Standing Order ¶ 13.a.  Defendants object to this statement as argument, not a statement of fact; the discovery record speaks for itself. |
| 28. | Another category of key responsive records that Cole reported to Defendants as missing from Defendants' post-litigation FOIA document production involves photographs taken by BPS team member Jonathan Barnett of WTC steel residue. A review of Cole's Exhibit 1, regarding the 2003 GMS transfer to NIST of BPS records that has not been disclosed by Defendants, reveals that this set of BPS | This statement does not comply with Standing Order ¶ 13.a.  NIST objects to this statement as argument (*i.e.*, what records are "likely to contain"), not a statement of fact.  To the extent a response is required, NIST denies that records are "missing" from its search because PEX 1 does not, on its face, identify records "used" in the BPS or indicate that FEMA ever created or |

8

|  | records is also likely to contain the missing Barnett photos. PEX 1 (GMS 2003 Transmittal of BPS records to NIST at pp. 10-26 of pdf, making numerous references to WTC photos, video, and CDs collected or created for the BPS). | obtained these records. *See* Second Fletcher Decl. ¶ 9.<br><br>Plaintiff separately requested under FOIA and received the records reflected in PEX 1. Second Fletcher Decl. ¶¶ 12-16. |
|---|---|---|
| 29. | FEMA records and Plaintiff Cole's discovery depositions show that FEMA official Bruce Swiren was one of two FEMA officials who supervised and worked closely with Letvin from G&O on the BPS, and Swiren is from FEMA Region 2. Def.s Prior-filed Exhibit, ECF No. 23-2 (Letvin Declaration at p. 2, attached to Neuschaffer Declaration at p. 13/119 of pdf ). DEX 4, ECF No. 56-2 (FEMA BPS report initial pages excerpt at p. 83 of 89 of pdf). PEX 1 (GNS 2003 transfer of BPS records at p. 3 pdf, p. 2 of transmittal letter, with cc to Swiren). | This statement does not comply with Standing Order ¶ 13.a. FEMA objects to this statement as argument, not a statement of fact. To the extent a response is required, FEMA admits that Bruce Swiren was an employee of FEMA working out of Region II. |
| 30. | NIST located records via Ms. Beall that are among those noted by Plaintiff as missing from Defendants' original post-Complaint FOIA response document productions to Plaintiff. Cole Prior-filed exhibits ECF No.s 28-2 and 28-7 (Plaintiff's Counsel's inquiries with Defendants' Counsel). And see, Cole Fact 18 *supra*. That is, these key responsive BPS records were located by NIST before the litigation but were not provided to Plaintiff Cole when Defendants produced, after this litigation was filed, the above-referenced approximately 3,700 pages of non-exempt responsive records. | This statement does not comply with Standing Order ¶ 13.a. NIST is therefore unable to provide a direct response to any relevant fact statement. |
| 31. | The FEMA BPS team used an FTP (web) site to upload and download (share) large files and FEMA's participants on the BPS team may have had access to the files on this FTP site, the backup files for which were transferred from FEMA to NIST. DEX 1 (Letvin depos. at 137:10-22, 138:1-7, 139:9-21). The FTP site backup files are on the McAllister Inventory of records transferred to NIST and are on | This statement does not comply with Standing Order ¶ 13.a. FEMA admits that G&O maintained an FTP site for the transfer of large electronic files "to" G&O, but FEMA is without knowledge or information as to whether the site was "open" or others "access" to the site. DEX 1 (FEMA Tr. at 137:19-138:15). |

9

| | Ms. Beall's checked off version of that inventory indicating that she located such files. DEX 23. | NIST admits that it believes it located files that it believed was the backup of the FTP site.  DEX 3 (Beall Tr. at 44:12-21). |
|---|---|---|

Dated: September 30, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

  /s/ Sean Tepe
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2533
Sean.Tepe@usdoj.gov

Counsel for Defendants